**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **REPLICA AUTO BODY PANELS** | : | |
| **AND AUTO SALES, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.** |
| | : | |
| **INTECH TRAILERS, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA:**

**DEFENDANT INTECH TRAILERS, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and

1446, Defendant inTech Trailers, Inc. ("inTech"), with full reservation of any and

all defenses, objections, and exceptions, including but not limited to objections to

service, venue, and personal jurisdiction, hereby removes the above-captioned

action from the Lycoming County Court of Common Pleas, Williamsport,

Pennsylvania ("state court").

In support of removal, inTech states as follows:

1.      On or about October 21, 2019, Plaintiff Replica Auto Body Panels

and Auto Sales, Inc. ("Plaintiff") commenced this action entitled *Replica Auto

Body Panels and Auto Sales, Inc. v. inTech Trailers, Inc.*, No. 19-1766 (C.C.P.

Lycoming County) against inTech by filing a complaint in the state court. In accordance with 28 U.S.C. § 1446(a), inTech has attached a certified copy of the state court's docket, including all processes, pleadings, and orders presently on file in the above-referenced action as Exhibit "A" to this Notice.

2.     On November 4, 2019, Plaintiff served a summons and complaint on inTech. (See Declaration of Justin Lannan attached hereto as Exhibit "B", at ¶ 4).

3.     As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because inTech has satisfied the procedural requirements for removal, Plaintiff and inTech are citizens of different states, the amount in controversy exceeds $75,000.00, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## **GROUNDS FOR REMOVAL**

### I.     **inTech has satisfied the procedural requirements for removal.**

4.     *Removal is timely.* inTech was served with Plaintiff's complaint on November 4, 2019. (See Exhibit "B", ¶ 4). This Notice is, therefore, timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after inTech's first receipt, through service, of Plaintiff's complaint.

5.     *Venue is proper.* Pursuant to 28 U.S.C. §§ 94(b)(1) and 1441(a), venue is proper in, and this case is properly removed to, this Court because this

2

Court embraces the state court where this action is pending.  See 28 U.S.C. § 118(b).

6.      Plaintiff is a Pennsylvania corporation with its principal place of business located at 329 South Keyser Avenue, Taylor, Pennsylvania 18517.  (See Plaintiff's complaint, Exhibit "A", ¶ 1).

7.      inTech is an Indiana corporation with its principal place of business located at P.O. Box 486, 1940 West Market Street, Nappanee, Indiana 46550.  (Id. at ¶ 3).  Therefore, inTech is not a citizen of Pennsylvania.  (Id.).

8.      No previous request has been made for the relief requested in this Notice of Removal.  (Id.).

9.      In accordance with 28 U.S.C. § 1446(d), inTech will promptly file the Certification of Notice of Removal and the Notice of Removal in the state court and serve same upon Plaintiff's counsel.  (See copies of the Certification of Notice of Removal and Notice of Removal to Opposing Counsel attached hereto as Exhibit "C").

**II.     Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and is between citizens of different states.  (See Plaintiff's complaint, Exhibit "A", Counts I-IV).

### A.  The amount in controversy requirement is satisfied.[1]

11.  Here, Plaintiff's complaint alleges an amount in controversy in excess of the jurisdictional threshold of $75,000.00. (Id.). In particular, Plaintiff alleges that its damages exceed $75,914.25. (Id. at ¶¶ 13, 20).

12.  Accordingly, the amount in controversy in this case exceeds this Court's jurisdictional minimum of $75,000.00 pursuant to 28 U.S.C. § 1332(b).

### B.  There is complete diversity of citizenship.

13.  There is complete diversity between inTech and the Plaintiff in this action. See 28 U.S.C. §1441(b).

14.  inTech is a citizen of Indiana. Specifically, inTech is an Indiana corporation whose principal place of business and "nerve center" is located in Nappanee, Indiana. (See Exhibit "B", ¶ 3). See also Gentry v. Sikorsky Aircraft Corp., 383 F. Supp. 3d 442, 445 (E.D. Pa. 2019) ("[A] corporation is a citizen of both (1) its state of incorporation, and (2) the state where the company keeps its 'nerve center,' i.e., the *sole* location where the corporation's high-level officers direct, control, and coordinate the corporation's activities.").

---

[1] By arguing that the amount in controversy satisfies the requirements for removal, inTech in no way concedes that it is liable to Plaintiff as alleged in Plaintiff's complaint. To the contrary, inTech expressly denies those allegations and reserves all defenses to Plaintiff's complaint.

15.   Plaintiff is a Pennsylvania corporation with a principal place of business and nerve center in Taylor, Lackawanna County, Pennsylvania. (See Plaintiff's complaint, Exhibit "A", at ¶ 1).

16.   Thus, because Plaintiff is a citizen of Pennsylvania and inTech is a citizen of Indiana, complete diversity of citizenship exists.

17.   inTech reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, inTech respectfully removes this action from the Court of Common Pleas of Lycoming County, Pennsylvania to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

John G. Dean
I.D. 76168
ELLIOTT GREENLEAF & DEAN
15 Public Square, Suite 310
Wilkes-Barre, PA 18701
(570) 371-5290

*Attorneys for Defendant*
*iNtech Trailers, Inc.*

DATED:  November 22, 2019

# EXHIBIT "A"

AMONG THE RECORDS AND PROCEEDINGS enrolled in the Court of

Common Pleas in and for the COUNTY of LYCOMING in the

Commonwealth of Pennsylvania to Docket No. ___19-1766___,

_____, is contained the following:


RELICA AUTO BODY PANELS
AND AUTO SALES INC

     VS

INTECH TRAILERS INC.


State of Pennsylvania,

              } SS:

Lycoming County

                                  Certified from the Records of
the Court of Common Pleas of Lycoming County, under my hand and seal of
said Court, at the City of Williamsport, this ___19th___ day of
___November___ 20 19 .

                                                                     _Suzanne M. Leahe_
Prothonotary and Clerk of Courts

User: BRENDAS

Date: 11/19/2019
Time: 04:23 PM
Page 1 of 2

**Lycoming County Prothonotary**
Complete Case History
Case: CV-2019-0001766-CV

**Replica Auto Body Panels Auto Sales Inc vs. Intech Trailers Inc**

Filed:      10/21/2019
Subtype:      Complaint in Civil Action

         Physical File: Y      Appealed: N

Comment:

**Status History**
Pending          10/22/2019

**Judge History**                             Reason for Removal

| Date | Judge | |
| --- | --- | --- |
| 10/22/2019 | No Judge, | ADMINISTRATIVE |
| 10/23/2019 | Linhardt, Eric R | Current |

                                             Amount

| | Receipt | Date | Type | Amount |
| --- | --- | --- | --- | --- |
| **Payments** | | | | 146.25 |
| Wright & Reihner | 59445 | 10/22/2019 | Civil Filing | |
| | | | Total | 146.25 |

**Plaintiff**
Name:      Replica Auto Body Panels & Auto Sales Inc      SSN:
Address:      329 South Keyser Avenue      DOB:
         Taylor          PA      18517      Sex:
Phone:      Home:      Work:      Send notices: Y
Employer:
Litigant Type:
Comment:

**Attorneys**
Reihner, George A          (Primary attorney)      Send Notices

**Defendant**
Name:      Intech Trailers Inc      SSN:
Address:      1946 West Market Street P O b      DOB:
         Nappanee          IN      Sex:
Phone:      Home:      Work:      Send notices: Y
Employer:
Litigant Type:
Comment:

**Attorneys**
Defendant,          (Primary attorney)      Send Notices

**Register of Actions**
10/21/2019      Complaint in Civil Action Filed by George      No Judge,
         A. Reihner, Esquire.
         Motion for Case Management Order Filed.      No Judge,

         Tort - Other      No Judge,

         Age of Cases Pending - Civil Action      No Judge,
         Cases only

ite: 11/19/2019
me: 04:23 PM
age 2 of 2

**Lycoming County Prothonotary**
Complete Case History
Case: CV-2019-0001766-CV

**Replica Auto Body Panels ‚Auto Sales Inc vs. Intech Trailers Inc**

**Register of Actions**

| | | |
|---|---|---|
| 10/22/2019 | Filing: Civil Action Complaint   Paid by: Wright & Reihner  Receipt number: 0059445  Dated: 10/22/2019  Amount: $146.25 (Check) For: [NONE] | No Judge, |

**Supreme Court of Pennsylvania**
Court of Common Pleas
Civil Cover Sheet
_____ Lycoming _____ County

| For Prothonotary Use Only: |
| Docket No: **19- 1766** |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

**Lead Plaintiff's Name:**
Replica Auto Body Panels and Auto Sales, Inc.

**Lead Defendant's Name:**
ITech Trailers, Inc.

**Are money damages requested?** ☒ Yes  ☐ No

**Dollar Amount Requested:**
(check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney:  George A. Reihner, Danielle M. Mulcahey and Ryann D. Loftus

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☒ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☒ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

FILED LYCOMING COUNTY

*Updated 1/1/2011*

REPLICA AUTO BODY PANELS : IN THE COURT OF COMMON PLEAS
AND AUTO SALES, INC. : OF LYCOMING COUNTY
  :
        Plaintiff, : CIVIL ACTION – LAW
     v. :
  : NO. 19- 1766
iNTECH TRAILERS, INC., :
  :
        Defendant. : JURY TRIAL DEMANDED

## NOTICE

    YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Pennsylvania Bar Association  
Lawyer Referral Service  
100 South Street  
P.O. Box 186  
Harrisburg, PA 17108-0186  
(800) 692-7375

North Penn Legal Services  
Penn Tower Building  
25 W. Third Street – Suite 400  
Williamsport, PA 17701  
(570) 323-8741

FILED LYCOMING COUNTY

2019 OCT 21 PM 2: 44

SUZANNE H. FEDELE
PROTHONOTARY &
CLERK OF COURTS

SCANNED

Attn to Serve

ORIGINAL

REPLICA AUTO BODY PANELS          :     IN THE COURT OF COMMON PLEAS
AND AUTO SALES, INC.              :     OF LYCOMING COUNTY
                                 :
                    Plaintiff,   :     CIVIL ACTION - LAW
        v.                       :     NO. 19- 1766
                                 :
iNTECH TRAILERS, INC.,           :
                                 :
                    Defendant.   :     JURY TRIAL DEMANDED

SUZANNE M. FEDELE
PROTHONOTARY &
CLERK OF COURTS

2019 OCT 21 PM 2: 44

FILED
LYCOMING COUNTY

## COMPLAINT

        Plaintiff, Replica Auto Body Panels and Auto Sales, Inc., by its undersigned counsel,

hereby complains of the above-named Defendant, Intech Trailers, Inc., as follows:

**I.    Parties**

        1.      Plaintiff Replica Auto Body Panels and Auto Sales, Inc. ("Replica") is a

Pennsylvania corporation with a principal office address of 329 South Keyser Avenue, Taylor,

Lackawanna County, Pennsylvania 18517.

        2.      Paul Bochon ("Bochon") is a shareholder and President of Replica who resides at

918 Newton Road, Clarks Summit, Lackawanna County, Pennsylvania.

        3.      Defendant inTech Trailers, Inc. is an Indiana corporation with a principal office

address of P.O. Box 486, 1940 W. Market Street, Nappanee, Indiana.

        4.      Defendant inTech Trailers, Inc. trades and does business within the Commonwealth

of Pennsylvania and in Lycoming County as "inTech RV".

**II.   Jurisdiction and Venue**

        5.      This Court has jurisdiction over this dispute pursuant to 42 Pa. C.S.A. § 5301.

        6.      Venue is proper in this Court pursuant to Rule 1006 of the Pennsylvania Rules of

Civil Procedure.



III.   **Factual Allegations Common To All Counts**

7.     Bochon is an amateur racecar enthusiast who travels to race events throughout the country.

8.     Bochon advertises for Replica via his racecars and race events.

9.     Defendant inTech Trailers, Inc. researches, develops, designs, manufactures, tests, markets, advertises, promotes, distributes, and sells products that are sold to and marketed to recreational and commercial users.

10.    On or about May 2, 2018, Replica, through Bochon, ordered a custom 2018 inTech 34" Stacker Trailer ("Stacker Trailer") from Overkill Motorsports, LLC, or OK Motorsports, LLC, one of Defendant's dealers.

11.    Replica, through Bochon, ordered the Stacker Trailer for Replica's businesses purposes and to transport Bochon's racecars, which advertise Replica, to races throughout the country.

12.    Defendant inTech Trailers, Inc. represented their trailers as using the strongest, longest-lasting materials available, designed to deliver a lifetime of satisfaction, designed by highly trained, degreed engineers

13.    Plaintiff paid a total of $72,914.25 to OK Motorsports, LLC for the Stacker Trailer.

14.    Bochon, on behalf of Replica, thereafter picked up the Stacker Trailer from Defendant's factory in Indiana.

15.    After approximately eleven (11) months of moderate use, Bochon began to notice irregularities and warping of the floors and fenders of the Stacker Trailer.

16.    Upon further inspection, Bochon also discovered numerous cracks in the structural frame of the Stacker Trailer.

2

17. The cracks in the frame of the Stacker Trailer are due to design flaws and the structural instability of the Stacker Trailer.

18. As a result of the structural defects, the Stacker Trailer is not safe for its intended use or any road travel and constitutes a dangerous condition.

19. Because the cracks in the frame of the Stacker Trailer are due to design flaws and the structural instability of the Stacker Trailer, the Stacker Trailer cannot be safely repaired and continue to be utilized for its intended use.

20. As a result of the inoperable and dangerous condition of the Stacker Trailer and risks of the Stacker Trailer's unworthiness to be on the road, Replica, through Bochon, had to lease a different trailer, incurring to date more than $3000 in additional expenses.

## COUNT I
## NEGLIGENCE

21. Plaintiff hereby incorporates the foregoing paragraphs by reference as if fully set forth at length.

22. At all times relevant hereto, Defendant inTech Trailers, Inc. has been in the business of inter alia, designing, researching, developing, engineering, fabricating, manufacturing, producing, inspecting, testing, approving, marketing, promoting, distributing, licensing, and selling of trailers, including custom stacker trailers for use in Lackawanna County, Pennsylvania, throughout the United States, and internationally, and have engaged in substantial, continual, and systematic business in Lackawanna County and the Commonwealth of Pennsylvania.

23. Upon information and belief, Defendant designed, developed, engineered, fabricated, manufactured, produced, inspected, tested, approved, marketed, promoted, distributed, licensed, sold, and/or placed into the stream of commerce the custom 2018 inTech 34" Stacker Trailer that is the subject of this action.

3

24.     The Stacker Trailer ordered from Defendant inTech Trailers, Inc. was specified to be suitable for its intended use -- hauling vehicles and racecars.

25.     At all times relevant to this action, Defendant inTech Trailers, Inc. had a duty to exercise reasonable care, and comply with the existing standard of care, in its preparation, design, research, development, manufacture, inspection, marketing, promotion and sale of trailers, including a duty to ensure against unreasonable, dangerous or adverse defects.

26.     After approximately eleven (11) months of moderate use, the welding on the structural frame of the Stacker Trailer began to crack.

27.     The aforementioned Stacker Trailer was defectively designed and is unfit and unsafe for its intended use.

28.     The Stacker Trailer's defective structural frame posed risk of serious harm to both persons and property.

29.     The Stacker Trailer's defective structural frame was caused, in whole or in part, by the defective design of the aforementioned Stacker Trailer and the negligence of the Defendant, inTech Trailers, Inc. related thereto. The defective nature of the Stacker Trailer was in no manner caused by any act or failure on the part of Replica or Bochon.

30.     The aforementioned negligent acts and omissions were the direct and proximate cause of Plaintiff's damages.

31.     As a direct and proximate result of the aforementioned negligence, carelessness, and other tortious, unlawful and wrongful acts and omissions of the Defendant, Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests judgment in its favor and against Defendant inTech Trailers, Inc. in an amount in excess of $75,000, plus costs and interest.

4

## COUNT II
## STRICT LIABILITY

32.    Plaintiff hereby incorporates the foregoing paragraphs by reference as if fully set forth at length.

33.    This Count in brought under Section 402A of the Restatement of Torts 2d which has been adopted as the law of the Commonwealth of Pennsylvania.

34.    Defendant is in the business of designing, assembling, manufacturing, distributing, selling and/or supplying trailers, such as the Stacker Trailer.

35.    Defendant marketed and/or placed the Stacker Trailer into the stream of commerce.

36.    The Stacker Trailer was expected to and did reach end users without substantial change in the condition in which it was designed, assembled, manufactured, distributed, sold and/or supplied by Defendant.

37.    Defendant inTech Trailers, Inc. produced/manufactured/assembled the product in a defective condition as the design was defective and unsafe.

38.    The design defect made the product unreasonably dangerous.

39.    The care and treatment of the product by Replica and Bochon remained of quality with no intervening forces.

40.    The Stacker Trailers are defective in their design and/or formulation in that they are not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation.

41.    Defendant placed into the stream of commerce a defective product wherein the danger was unknowable and unacceptable to the average or ordinary consumer and/or a reason

5

person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burdens or costs of taking precautions.

42. Stacker Trailers were expected to reach, and did reach, users and/or consumers, including Plaintiff without substantial change in the defective and unreasonably dangerous condition in which they were manufactured and sold.

43. The Stacker Trailers were and are unreasonably dangerous in that, as designed, they failed to perform safely when used by ordinary consumers, including Replica and Bochon, including when they were used as intended and in a reasonably foreseeable manner.

44. The Stacker Trailers were and are unreasonably dangerous and defective in design or formulation for their intended use in that, when they left the hands of the manufacturers and/or supplier, they posed a risk of serious injury and/or major property damage which could have been reduced or avoided, inter alia, by the adoption of feasible reasonable alternative design. There were safer, more structurally sound alternative designs for the like product.

45. The Stacker Trailers were insufficiently tested and caused harmful adverse events that outweighed any potential utility.

46. Defendant built, produced, manufactured and assembled The Stacker Trailer that was received by Replica and Bochon that had a defective design. Accordingly, Defendant owed a duty to Replica and Bochon, the end users, that the Stacker Trailer be designed in such a way that made the Stacker Trailer safe and functional for its intended purpose.

47. Defendant knew or should have known when building the Stacker Trailer that it was designed defectively, creating an unreasonable risk of harm to Replica, Bochon and the general public.

48. Defendant was negligent in failing to properly design, manufacture, install, and communicate the defect in the Stacker Trailer to Replica and/or Bochon, creating a clear and immediate risk of injury and nonfunction use to the end users of the Stacker Trailer. As a direct and proximate result, Plaintiff suffered damages.

49. At all time relevant hereto, the Stacker Trailer and its component parts were defective as to design, manufacture, and warnings, causing the Stacker Trailer and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

50. The damages suffered by Plaintiff were proximately caused by the defective product that Defendant designed, assembled, manufactured, sold, supplied, and/or distributed, generally and in the following particular respects:

   a. designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

   b. designing, assembling, manufacturing, selling, supplying and distributing a vehicle in a defective condition which was unknowable and unacceptable to the average or ordinary consumer;

   c. designing, assembling, manufacturing, selling, supplying and distributing a vehicle in a defective condition where the probability and seriousness of harm caused by the product outweighed the burden or costs of taking precautions;

   d. designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to the user;

   e. designing, assembling, manufacturing, selling, supplying and distributing a product which was not reasonably fit, suitable, or safe for its intended and represented purpose;

   f. failing to have adequate warnings on the product;

   g. failing to provide adequate warnings to ultimate users of the product;

h.   designing, assembling, manufacturing, selling, supplying and distributing a product which lacked all necessary safety features to protect users of said product;

i.   designing, assembling, manufacturing, selling, supplying and distributing a product without simple and cost-effective safety devices; and

j.   violating applicable state, local and/or industry standards;

k.   designing, manufacturing, selling, supplying and distributing a vehicle that when used properly could cause serious injury and death to users.

51.   For the reasons stated above, the Stacker Trailer was unreasonably dangerous to foreseeable users and operators, including Replica and Bochon who at all times pertinent hereto acted in an ordinary, reasonable and foreseeable manner.

52.   The defects in the Stacker Trailer were a proximate cause of the Plaintiff's damages.

53.   Plaintiff sustained additional expenses, including, but not limited to amounts incurred to rent a replacement stacker trailer.

54.   As a direct and proximate cause of the defective and dangerous condition of the Stacker Trailer as described above, Plaintiff was damaged.

55.   Plaintiff is in the class of persons that Defendant should reasonably foresee.

WHEREFORE, Plaintiff requests judgment in its favor and against Defendant inTech Trailers, Inc. in an amount in excess of $75,000, plus costs and interest.

**COUNT III**
**EXPRESS WARRANTY**

56.   Plaintiff hereby incorporates the foregoing paragraphs by reference as if fully set forth at length.

57.     At all times, the Defendant represented and in other manners expressed warranties that the Stacked Trailer was safe for use and fit for the purpose intended, and of merchantable quality.

58.     Replica and Bochon relied on the said representations and warranties.

59.     That in truth and fact, the said representations and warranties were false.

60.     Defendant's representations and warranties violate Section 402B of the Restatement of Torts 2d.

61.     As a proximate result of the aforementioned false representations and warranties, Plaintiff sustained damages as set forth above.

WHEREFORE, Plaintiff requests judgment in its favor and against Defendant inTech Trailers, Inc. in an amount in excess of $75,000, plus costs and interest.

## COUNT IV
## IMPLIED WARRANTY

62.     Plaintiff hereby incorporates the foregoing paragraphs by reference as if fully set forth at length.

63.     At the time of the sale of the aforementioned Stacker Trailer, Defendant, in its own right and/or by and through its agents, servants, workmen, or employees, acting with the scope of their employment and with the full knowledge and consent of the said Defendant, impliedly warranted that the subject Stacker Trailer was fit for its ordinary use and for the particular purpose for which Defendant, in its own right and/or by and through its agents, servants, workmen or employees, acting with the scope of their employment and with the full knowledge and consent of the said Defendant, knew the Stacker Trailer was to be used and intended to be used.

64.     The Defendant warranted in manufacturing, distributing, selling and placing into the stream of commerce the aforesaid Stacker Trailer to all foreseeable persons using same and

that said Stacker Trailer was properly manufactured, distributed, sold and placed into the stream of commerce so that it was reasonably safe and adequate for the purpose for which it was intended and that the product was safe, proper, merchantable and fit for its intended purpose.

65.     That the use to which the aforesaid Stacker Trailer was being put on the date of the incident and injury was a use reasonably contemplated and intended and foreseen by the Defendant prior to the time of sale and distribution of said Stacker Trailer to Plaintiff.

66.     Replica and Bochon relied upon such express and/or implied warranties.

67.     The said Stacker Trailer was not of merchantable quality and was unfit and unsafe for its ordinary uses and for the purpose for which it was intended to be used.

68.     As a direct and proximate result of the breach of implied warranty of merchantability and fitness, Plaintiff sustained damages as described above.

WHEREFORE, Plaintiff requests judgment in its favor and against Defendant inTech Trailers, Inc. in an amount in excess of $75,000, plus costs and interest.

Respectfully submitted,

WRIGHT, REIHNER & MULCAHEY

By:     _____
        George A. Reihner
        Pa. ID. No. 48419
        Danielle M. Mulcahey
        Pa. ID No. 76999
        Ryann D. Loftus
        Pa. ID No. 319379
        148 Adams Avenue
        Scranton, PA 18503
        (570) 961-1166
        (570) 961-1199 Facsimile

        Attorneys for Plaintiff

Dated: October 16, 2019

10

## **VERIFICATION**

I, Paul Bochon, hereby certify and affirm that I am authorized to make this verification on behalf of Replica Auto Body Panels and Auto Sales, Inc., and that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief and are made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsifications to authorities.

_____
Paul Bochon

_____
10 / 15 / 19
Date

12

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently that non-confidential information and documents.

WRIGHT, REIHNER & MULCAHEY

By: _____
George A. Reihner
148 Adams Avenue
Scranton, PA  18503
(570) 961-1166
(570) 961-1199 – fax

Dated:  October 16, 2019          Attorney for Plaintiff

# WRIGHT, REIHNER & MULCAHEY
### ATTORNEYS AT LAW

October 16, 2019

**VIA FIRST CLASS MAIL**
Suzanne M. Fedele, Prothonotary
Lycoming County Courthouse
48 West Third Street – 1st Floor
Williamsport, PA 17701

    Re:   **Replica Auto Body Panels and Auto Sales, Inc. v. iTech Trailers, Inc.**

Dear Prothonotary Fedele:

    Enclosed please find an original and two (2) copies of a Complaint with regard to the above-referenced matter. Also enclosed is a check in the amount of $146.25 representing the filing fee for the Complaint. Please file the original and return the extra time-stamped copies in the provided self-addressed stamped envelope.

    If you have any questions, please do not hesitate to contact me.

        Very truly yours,

        George A. Reihner

GAR/ab
Enclosures



ORIGINAL

**COURT OF COMMON PLEAS, LYCOMING COUNTY, PENNSYLVANIA**
**CASE MONITORING NOTICE**

Replica Auto Body Panels
and Auto Sales, Inc.
──────────────────────
Plaintiff

vs.

iNtech Trailers, Inc.
──────────────────────
Defendant

: DOCKET NO:   19- 1766

: CIVIL ACTION

:

DATE:

I. This matter is:

_____ Mortgage Foreclosure (file once an Answer has been filed). Time needed for trial _____

_____ Credit Card Collection Case (file once an Answer has been filed)
    a) ____ Arbitration. ($50,000 or less) Time needed for discovery? ____ months
    b) ____ Trial. Fast track (6-12 months) ____ Normal track (12-18 months) ____

_____ Forfeiture (file once an Answer has been filed)

_____ Administrative Agency Appeal (file with Notice of Appeal)

__X__ General Civil Case (file with Complaint):
    a) ____ Arbitration. ($50,000 or less) Time needed for discovery? ____ months
    b) ____ Fast track (6-12 months)
    c) __X__ Normal track (12-18 months)
    d) ____ Complex track (18-24 months)

_____ Other. Action requested: _____

II. Jury trial demanded? __X__ YES _____ NO

III. Please note any special scheduling concerns: _____
_____

Name of filing counsel or pro se party: George A. Reihner for Plaintiff
Address: 148 Adams Avenue, Scranton, PA 18503

Opposing counsel or pro se party: _____ for _____
Address:

SUZANNE M. FEDELE
PROTHONOTARY &
CLERK OF COURTS
2019 OCT 21 PM 2: 43
FILED
LYCOMING COUNTY

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**

Lycoming _____ County

| For Prothonotary Use Only: | ORIGINAL |
|---|---|
| Docket No: 19- 1766 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

---

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

**Lead Plaintiff's Name:**
Replica Auto Body Panels and Auto Sales, Inc.

**Lead Defendant's Name:**
iTech Trailers, Inc.

**Are money damages requested?** ☒ Yes   ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes   ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney: George A. Reihner, Danielle M. Mulcahey and Ryann D. Loftus

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

---

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

FILED LYCOMING COUNTY 19 OCT 21 PM 2: 43 RYANN M. FEDELE PROTHONOTARY CLERK OF COURTS

*Updated 1/1/2011*

# EXHIBIT "B"

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REPLICA AUTO BODY PANELS )
AND AUTO SALES, INC. )
     )
       Plaintiff, )
     )
       v. )       CIVIL ACTION NO.:
     )
INTECH TRAILERS INC., )
     )
       Defendant. )

## DECLARATION OF DUSTIN LANNAN

The Declarant, Dustin Lannan, states:

1.     I am over 18 years of age, of sound mind, and competent to testify to the facts and matters set forth in this declaration.

2.     I am the Chief Financial Officer of inTech Trailers Inc. ("inTech"). The facts and matters set forth in this declaration are based on my personal knowledge as well as my review of the relevant business records of inTech.

3.     inTech is an Indiana corporation whose principal place of business is located in Nappanee, Indiana.

4.     inTech first received the state-court complaint that Replica Auto Body Panels and Auto Sales, Inc. filed in Lycoming County via certified mail on November 4, 2019.

I declare under penalties of perjury that the foregoing is true and correct. Executed on November 21, 2019.

_____
Dustin Lannan

EXHIBIT "C"

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REPLICA AUTO BODY      )
PANELS AND               )
AUTO SALES, INC.        )
                              )

    Plaintiff,           )
                              )

    v.                 )     CIVIL ACTION NO.:
                              )

INTECH TRAILERS INC.    )
                              )

    Defendant.         )

## CERTIFICATION OF NOTICE OF REMOVAL

TO:  (1)   Clerk, Court of Common Pleas, Lycoming County, Pennsylvania

      (2)    George A. Reihner
             Wright, Reihner & Mulcahey
             148 Adams Avenue
             Scranton, PA 18503

         *Attorney for Plaintiff*

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal of the above-styled cause to the United States District Court for the Middle District of Pennsylvania, a copy of

which is attached to this Certification.

Respectfully submitted,

_____

John G. Dean
I.D. 76168
Elliott Greenleaf & Dean
15 Public Square, Suite 310
Wilkes-Barre, PA 18701
(570) 371-5290

*Attorneys for Defendant
inTech Trailers Inc.*

DATED:   November ___, 2019

2

## CERTIFICATE OF SERVICE

I, John G. Dean, certify that I have caused to be served a true and

correct copy of the foregoing document upon the following persons <u>via</u>

U.S. First Class Mail addressed as follows:

George A. Reihner
Wright, Reihner & Mulcahey
148 Adams Avenue
Scranton, PA 18503


_____
John G. Dean

DATED:   November ___, 2019

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

|                                                    |   |             |
|----------------------------------------------------|---|-------------|
| REPLICA AUTO BODY PANELS AND AUTO SALES, INC.,      | : |             |
| Plaintiff,                                         | : |             |
| v.                                                 | : |             |
| INTECH TRAILERS, INC.,                             | : |             |
| Defendant.                                         | : | CASE NO.    |

## CERTIFICATE OF SERVICE

I, John G. Dean, hereby certify that I have caused to be served on November 22, 2019 a true and correct copy of the foregoing Notice of Removal upon the following persons via U.S. First Class Mail addressed as follows:

George A. Reihner
Wright, Reihner & Mulcahey
148 Adams Avenue
Scranton, PA 18503

John G. Dean